**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.:

AMIEL MONTES DE OCA,

    Plaintiff,

vs.

UNIVERSAL PROTECTION SERVICE, LLC,
A Foreign Limited Liability Company,

    Defendant.
_____/

**COMPLAINT**

COMES NOW, Plaintiff AMIEL MONTES DE OCA, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendant UNIVERSAL PROTECTION SERVICE, LLC, a Foreign Limited Liability Company, (hereinafter "Defendant"), and states:

**JURISDICTION AND VENUE**

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII) and the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Plaintiff was employed by Defendant in Miami, Florida.

## **PARTIES**

5. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6. Plaintiff is a female She is therefore a member of a class protected under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act because the terms, conditions, and privileges of her employment were altered because of her gender.

7. Defendant is a Foreign Limited Liability Company organized in Delaware with its principal place of business in California and authorized to do business in Florida. All facts which give rise to this complaint occurred in Miami, Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. Plaintiff has exhausted her administrative remedies by filing a timely Charge of Discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission which was dually filed with the Florida Commission on Human Relations.

10. Plaintiff's Charge was filed on or about December 29, 2021. The actions complained of herein occurred no more than 300 days before that date and/or continued from that date stemming from the same actions set forth in the Charge.

11. Plaintiff was terminated from her position on or about November 22, 2021. Her Charge was therefore timely filed.

12. Plaintiff was issued a Notice of Right to Sue on May 17, 2022. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

13. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

14. All other conditions precedent to this action have been performed or have been waived.

## **GENERAL ALLEGATIONS**

15. Plaintiff was employed by Defendant as a screener from on or about April 2019 through on or about November 22, 2021.

16. Plaintiff was fully qualified for her position at the time all discriminatory events complained of herein occurred.

17. Beginning around September 2021, Plaintiff worked under the direct supervision of Winston Fraser (Male) (hereinafter "Fraser") and Captain Luis Torres (Male) (hereinafter "Torres"). Beginning in September 2021 and continuing until her termination on November 22, 2021, Plaintiff experienced harassment because of her sex, female.

18. From the outset, Fraser would frequently speak and refer to female employees in a derogatory manner, including Plaintiff. On several occasions, Plaintiff had to use the bathroom, and Fraser would follow her into the women's bathroom. Fraser did not follow male employees into the bathroom. Fraser also tried to intimidate and demean female employees, including Plaintiff, by referring to them as "bitches" or "hoes" and constantly made inappropriate sexual remarks to female employees. Torres also spoke to female employees in a rude, derogatory manner.

19. Furthermore, Torres often made sexual advances toward Plaintiff, and, on or about October 12, 2021, Torres sent an unsolicited explicit photo of a couple having oral sex to Plaintiff via WhatsApp, to which Plaintiff did not respond.

20. Plaintiff made several complaints to Operations Manager James Aurelio (male) (hereinafter "Aurelio"), about both Fraser and Torres's disparate treatment and harassment toward female employees, but nothing was done.

21. Plaintiff rejected Torres' advances repeatedly between September 2021 and the November 19, 2022 and made it clear that she was not interested in a romantic relationship with Torres.

22. On or about November 22, 2021, just days after Plaintiff's complaints, Fraser assigned Plaintiff to the position of Level 2 officer, even though Plaintiff is not licensed to carry a firegun which was required for that job post. Because of this, Plaintiff objected to assignment.

23. However, both Fraser and Torres advised that Plaintiff did not have a choice because Fraser was her supervisor.

24. Plaintiff contacted Aurelio to complained about the unfair treatment she was being subjected to. In response, Aurelio terminated Plaintiff.

25. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

26. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I
## VIOLATION OF THE CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON SEX)

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26, of this complaint as if set out in full herein:

28. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her sex to wit, female.

29. Plaintiff was qualified for her position in that she had worked for Defendant for more than two years, received commendations, and had not received a negative review during her employment.

30. Despite being well-qualified for her position, Plaintiff was ultimately terminated on November 22, 2021.

31. Plaintiff's termination all constitute adverse employment actions under Title VII of the Civil Rights Act of 1964 because these actions changed the terms, benefits, and conditions of her employment.

32. Plaintiff's rejection of Torres' sexual advances and/or her sex in general were, at minimum, motivating factors for Defendant's decision to assign her a job post she was not qualified for and to terminate her employment.

33. Defendant's reason(s) for giving Plaintiff a a job post she was not authorized to do and then ultimately terminating her employment is/are pretextual.

34. Defendant's supervisors acted with intentional disregard for Plaintiff's rights as a female under Title VII.

35. Defendant's disparate treatment of Plaintiff, including but not limited to Plaintiff's constructive termination from employment, was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she is female, in violation of the Act.

36. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's sex was a motivating factor in the decision for the adverse employment action(s) she was subjected to.

37. Fraser, Torres, and Aurelio as supervisors, acted on behalf of Defendant and acted within the scope of their duties.

38. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

39. Plaintiff alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Fraser, Torres, Aurelio, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE**, Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with Title VII of the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT II—VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 (RETALIATION)

40. Plaintiff incorporates herein the allegations contained in paragraphs 1–26, inclusive, as though same were fully re-written, and says:

41. Plaintiff complained to Defendant's Operation Manager, James Aurelio as set forth above, about the harassment to which she was subjected, the unwarranted treatment and work assignment.

42. Subsequent to the complaint Plaintiff made, Fraser and Torres were made aware of the complaint.

43. Upon information and belief, the decision to terminate Plaintiff was made and effectuated by Torres and Fraser.

44. Plaintiff's complaints of actions Plaintiff objectively perceived to be discriminatory in nature, were, at minimum, motivating factors for the decision to terminate Plaintiff.

45. Plaintiff's termination constitutes an adverse employment action under Title VII of the Civil Rights Act of 1964.

46. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Torres and Fraser and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

47. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

WHEREFORE, Plaintiff requests that:

   A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and

retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III– VIOLATION OF THE CIVIL RIGHTS ACT (HOSTILE WORK ENVIRONMENT ON THE BASIS OF SEX)

48. Plaintiff incorporates herein the allegations contained in paragraphs 1–26, inclusive, as though same were fully re-written, and says:

49. Plaintiff brings this action under Title VII of the Civil Rights Act (42 U.S.C. § 2000e–2) for the unlawful employment practices of the Defendant for allowing and ratifying the sexual harassment Plaintiff was subjected to by Torres.

50. Plaintiff is a member of a protected class, to wit, female.

51. Beginning in September 2021 and continuing for several months, Torres made harassing comments about Plaintiff's physical appearance and made unwanted sexual advances towards Plaintiff.

52. Torres' actions toward Plaintiff were constant and pervasive.

53. The harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment, such that a reasonable person would find the environment hostile. Plaintiff developed an health conditions due to the stress caused by Torres' constant sexual advances, as well as suffered from increasingly negative treatment by Torres after she continued to reject him.

54. Despite complaints, Torres' behavior was not addressed or corrected by Defendant, and the job assignment was not lifted. Defendant, by its inactivity, condoned Torres' actions.

55. Plaintiff's rejection of Torres' advances were, at minimum, a motivating factor in his decision which lead to Plaintiff's termination.

56. Torres, at all times relevant, was acting within the course and scope of his employment.

57. Defendant, by and through Torres, did not treat his male subordinates in this manner.

58. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

59. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Torres and its other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV—VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (DISCRIMINATION BASED ON SEX)

60. Plaintiff incorporates herein the allegations contained in paragraphs 1–26, inclusive, as though same were fully re-written, and says:

61. Plaintiff is a member of a protected class under the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11, based on her sex, female.

62. Plaintiff was qualified for her position in that she had worked for Defendant for more than two years, received commendations, and had not received a negative review until September 2021.

63. Despite being well-qualified for her position, Plaintiff was ultimately terminated on November 22, 2021.

64. Plaintiff's termination and the disparate treatment she was subjected to all constitute adverse employment actions under the FCRA because these actions changed the terms, benefits, and conditions of her employment.

65. Defendant's reason(s) for giving Plaintiff a different post, and then ultimately terminating her employment is/are pretextual.

66. Plaintiff's rejection of Torres' sexual advances and/or her sex in general were, at minimum, motivating factors for Plaintiff's termination of employment.

67. Torres, at all times relevant, was acting within the course and scope of his employment.

68. Defendant, by and through Fraser and Torres, did not treat their male subordinates in this manner.

69. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, bonus(es), benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA.

70. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Fraser, Torres and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### **COUNT V—VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (RETALIATION)**

71. Plaintiff incorporates herein the allegations contained in paragraphs 1–26, inclusive, as though same were fully re-written, and says:

72. Plaintiff complained to Defendant's Operation Manager, James Aurelio as set forth above, about the harassment to which she was subjected, the unwarranted treatment and work assignment.

73. Subsequent to the complaint Plaintiff made, Fraser and Torres were made aware of the complaint.

74. Upon information and belief, the decision to terminate Plaintiff was made and effectuated by Torres and Fraser.

75. Plaintiff's complaints of actions Plaintiff objectively perceived to be discriminatory in nature, were, at minimum, motivating factors for the decision to terminate Plaintiff.

76. Plaintiff's complaints of actions Plaintiff objectively perceived to be discriminatory in nature, were, at minimum, motivating factors for the decision to terminate Plaintiff.

77. Plaintiff's termination constitutes an adverse employment action under the FCRA.

78. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Fraser, Torres and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

79. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

WHEREFORE, Plaintiff requests that:

    A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

    B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VI—VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (HOSTILE WORK ENVIRONMENT BASED ON SEX)

80. Plaintiff incorporates herein the allegations contained in paragraphs 1–26, inclusive, as though same were fully re-written, and says:

81. Plaintiff is a member of a protected class under the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11, based on her sex, female.

82. Beginning in September 2021 and continuing for several months, Torres made harassing comments about Plaintiff's physical appearance and made unwanted sexual advances towards her.

83. Torres' actions toward Plaintiff were constant and pervasive.

84. The harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment, such that a reasonable person would find the environment hostile. Plaintiff developed health issues due to the stress caused by Torres' constant sexual advances, as well as suffered from increasingly negative treatment by Fraser and Torres after she continued to reject him.

85. Despite complaints, Torres's behavior was not addressed or corrected by Defendant. Defendant, by its inactivity, condoned Torres' actions.

86. Plaintiff's rejection of Torres' advances were, at minimum, a motivating factor in his decision to that lead to Plaintiff's termination.

87. Torres and Fraser, at all times relevant, was acting within the course and scope of their employment.

88. Defendant, by and through Fraser and Torres, did not treat their male subordinates in this manner.

89. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to compensation for emotional distress, pursuant to the provisions of the FCRA.

90. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Fraser and Torres and its other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff AMIEL MONTES DE OCA demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: August 15, 2022

                                              **PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive
Suite 290
Miami FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ *Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com


By: /s/ *Juan J. Perez*
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com